IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALBERT RODRIGUEZ, Individually and**            **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.            No. 4:19-cv-405-DPM

**SUPERIOR REAL ESTATE SOLUTIONS, LLC,**            **DEFENDANTS**
**and ALVIN FRANKS, JR.**

### JOINT MOTION FOR APPROVAL OF LIABILITY SETTLEMENT

Plaintiffs Albert Rodriguez, Tristan Dukes, Anthony Owen, and Francisco Alvarenga ("Plaintiffs") and Defendants Superior Real Estate Solutions, LLC and Alvin Franks, Jr. ("Defendants") (together, "the Parties") hereby jointly request the Court to approve the Parties' Settlement Agreement ("Agreement") and in support thereof state as follows:

### I.   INTRODUCTION

Plaintiffs and Defendant jointly request that the Court enter an order approving the settlement reached between the Parties in resolution of a *bona fide* dispute regarding Plaintiffs' asserted entitlement to damages under the Fair Labor Standards Act ("FLSA"). The Parties have carefully and exhaustively negotiated a settlement in this action. They have agreed to resolve the disputed factual and legal issues on terms set forth in the Agreement, which is attached hereto as Exhibit 1.

The Agreement is fair and should be approved as it provides real monetary relief to Plaintiffs for claims asserted by way of this current litigation. The Agreement reflects

Page 1 of 7
Albert Rodriguez, et al. v. Superior Real Estate Solutions, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-405-DPM
Joint Motion for Approval of Liability Settlement

reasonable compromises of issues actually in dispute, was reached in an adversarial context in which the Plaintiffs were represented by competent and experienced counsel and is fair and reasonable in its totality. For these reasons, and the reasons set forth more fully below, the Parties jointly request that the Court enter an Order approving the Agreement.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On 6 June 2019, Plaintiff Albert Rodriguez ("Rodriguez") filed an action in the United States District Court for the Eastern District of Arkansas, on behalf of himself and other current and former construction laborers of Defendants asserting a collective action for violations of the FLSA. [Dkt. 1]. The Complaint sought overtime compensation not received as a result of the Defendants' alleged misclassification of members of Rodriguez and others similarly situated as independent contractors. *Id.*

On 23 September 2019, Rodriguez filed an unopposed Motion for Conditional Certification, seeking certification of a collective of "All hourly-paid construction laborers since June 11, 2016." [Dkt. 8]. The Court granted this Motion on 24 October 2019, conditionally certifying the sought collective and setting forth a Notice and Consent procedure. [Dkt. 11].

Following the ensuing Notice period, three individuals submitted Consents to Join the litigation. These individuals are Tristan Dukes, Anthony Owen, and Francisco Alvarenga. Due to the small number of Consents to Join filed, on 9 September 2020 the Court decertified the collective and directed the clerk to add the three individuals to the litigation as named plaintiffs.

Following informal discovery related to the Plaintiffs' time and pay records, the

Page 2 of 7
Albert Rodriguez, et al. v. Superior Real Estate Solutions, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-405-DPM
Joint Motion for Approval of Liability Settlement

Parties entered into settlement negotiations and ultimately reached an agreement resolving Plaintiffs' claims, leaving the issue of attorney's fees to be resolved later.

### III.   ARGUMENT

**A.   Applicable legal standard.**

Employees can settle and release claims under the FLSA in two ways. First, the FLSA allows employees to settle and waive their claims if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b), an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*

In reviewing a settlement of a private FLSA claim, the Court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *see also Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012); *Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13-2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved[]"). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's*

Page 3 of 7
Albert Rodriguez, et al. v. Superior Real Estate Solutions, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-405-DPM
Joint Motion for Approval of Liability Settlement

*Food Stores*, 679 F.2d at 1354. Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Under *Lynn's Food Stores*, courts examine four factors to determine whether to approve an FLSA settlement:

1. Was the settlement achieved in an adversarial context?
2. Was the Plaintiff represented by attorneys who can protect his or her rights?
3. Does the settlement reflect a reasonable compromise over issues that are actually in dispute?
4. Is the settlement fair?

*Lynn's Food Stores*, 679 F.2d at 1353-54; *Scott v. Titlemax of Tenn., Inc.*, 2015 WL 12516225, at *1-2 (W.D. Tenn. May 8, 2015) (citing these factors and granting parties' joint motion to approve FLSA settlement).

**B.    The Parties' Agreement should be approved.**

In the present case, the Agreement reached by the Parties is fair, reasonable, and should be approved by the Court. First, the proposed settlement arises out of an action for overtime compensation brought by Plaintiffs in court against their alleged employer. After Plaintiffs filed suit, the Parties engaged in motion practice before this Court and discovery. The Parties negotiated the settlement at arm's length and the Agreement reflects reasonable compromises of *bona fide* disputes between the Parties regarding the questions of liability and the amount of alleged damages under the FLSA.

Second, during the litigation and settlement of this action, Plaintiffs were represented by counsel who are respected in the community and experienced in

Page 4 of 7
Albert Rodriguez, et al. v. Superior Real Estate Solutions, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-405-DPM
Joint Motion for Approval of Liability Settlement

handling wage and hour collective actions. Plaintiffs' counsel have the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. Plaintiffs' counsel represent and have previously represented employees with claims against employers similar to the claims asserted in this case.

Third, the range of possible recovery in this case was uncertain. The complexity, expense, and likely duration of the litigation (including the pending appeal) should a settlement not have been reached weighs heavily in favor of finding that this Agreement is a reasonable compromise of the issues in dispute. Without question, if the case had not settled, the Parties would have spent significant time and resources litigating this case. Rather than take this path, the Parties directed their efforts toward an early, informed, efficient resolution of Plaintiffs' claims. The Agreement eliminates the inherent risks both sides would bear if this case were to continue.

Fourth, the Parties agree that the settlement is fair, just, and adequate to settle the claims of the individual Plaintiffs. The allocation reached between Plaintiffs was determined using records from Defendants reflecting each Plaintiff's time worked. Plaintiffs are receiving **100%** of their alleged damages as calculated from the time and payroll data received, including liquidated damages. Accordingly, the Plaintiffs are being provided exactly what they sought in bringing and joining this Action.

Fifth, the attorneys' fees and costs to be paid to Plaintiff's counsel are being negotiated entirely separate from the total settlement amount to be divided among Plaintiffs. Accordingly, Plaintiffs' attorneys' fees and costs will in no way detract from or lessen the amount to be paid pursuant to the Settlement. The Parties agree that, if no agreement is reached regarding attorneys' fees and costs, Plaintiffs will file a petition for

Page 5 of 7
Albert Rodriguez, et al. v. Superior Real Estate Solutions, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-405-DPM
Joint Motion for Approval of Liability Settlement

fees and costs within 14 days of the entry of an Order granting this Joint Motion.

Finally, the endorsement of the settlement by counsel for both Parties is a "factor [that] weighs in favor of approval." *Quintanilla v. A & R Demolition Inc.*, No. Civ. A. H-04-1965, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008). In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation. *Id*. at *14 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In this case, Plaintiffs' counsel is fully aware of the factual contentions of their clients and is in the best position to opine as to whether this settlement produces fair results after consideration of risks. None of the Parties could reasonably have any level of certainty as to the ultimate probability of success. The Parties have entered into the proposed Agreement to avoid the necessity, expense, inconvenience and uncertainty of litigation. The Parties, with the Court's approval, would like to resolve and settle all claims and disputes between Defendants and the Plaintiffs arising out of, or in any way related to, their claims under the FLSA, other wage and other wage and hour statutes. Under these circumstances, the settlement is fair, reasonable, and adequate.

## IV.     CONCLUSION

The Parties believe that the Agreement reached is a fair and reasonable compromise of the respective positions of the Parties. Approval of the Agreement will "secure the just, speedy and inexpensive determination" of these actions in accordance with Fed. R. Civ. P. 1. Accordingly, the Parties respectfully request that this Court enter an Order approving the Parties' Agreement.

Page 6 of 7
Albert Rodriguez, et al. v. Superior Real Estate Solutions, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-405-DPM
Joint Motion for Approval of Liability Settlement

        Respectfully submitted,

        **ALBERT RODRIGUEZ, Individually
        and on Behalf of All Others
        Similarly Situated, PLAINTIFF**

        SANFORD LAW FIRM, PLLC
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Tel: 800-615-4946
        Fax: 888-787-2040

        Steve Rauls
        Ark. Bar No. 2011170
        steve@sanfordlawfirm.com

        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

**and**  **SUPERIOR REAL ESTATE
        SOLUTIONS, LLC, and ALVIN
        FRANKS, JR, DEFENDANTS**

        Clinton D. McGue
        Ark. Bar No. 94150
        clint@cebridge.net

        */s/ Chris Lacy*
        Chris Lacy
        Ark. Bar No. 2013046
        chris@lawofficeofchrislacy.com

**Page 7 of 7
Albert Rodriguez, et al. v. Superior Real Estate Solutions, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-405-DPM
Joint Motion for Approval of Liability Settlement**